IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-00281-JD |
| | ) |
| RUBEN ANTONIO SOTO, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Ruben Antonio Soto, Jr.'s *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion"). [Doc. No. 60]. The United States responded in opposition [Doc. No. 63], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 61]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Amendment 821 does not have the effect of lowering Mr. Soto's applicable guideline range, and thus, no reduction is authorized.

**I.    BACKGROUND**

On July 21, 2023, the Court held a combined plea and sentencing hearing in Mr. Soto's case. [Doc. Nos. 48–57]. On that day, Mr. Soto entered a plea of guilty to Count 2 of the three-count Indictment charging possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). [Doc. Nos. 48–52]. The USPO had previously filed the Final Presentence Investigation Report ("PSR") on February 22,

2023. [Doc. No. 40]. The PSR calculated a base offense level of 34, plus a two-level enhancement because Mr. Soto possessed a firearm during the offense. PSR at ¶¶ 22–23. This resulted in an adjusted offense level of 36. *See id.* at ¶ 27. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 33. *See id.* at ¶¶ 29–31.

The PSR calculated a total criminal history score of three for Mr. Soto, placing him in a criminal history category of II. *See id.* at ¶¶ 37–38. Mr. Soto did not receive any "status points" for committing the offense while under a criminal justice sentence. Based on a total offense level of 33 and a criminal history category of II, Mr. Soto's advisory guideline range for imprisonment was 151 months to 188 months. *See id.* at ¶ 62. Mr. Soto did not object to the PSR. *See id.* at 17.

The Court adopted the PSR without change. [Doc. No. 57 at 1]. The Court sentenced Mr. Soto to a term of imprisonment of 115 months. Judgment at 2 [Doc. No. 56]. The Court dismissed Counts 1 and 3 of the three-count Indictment on the government's motion. *See id.* at 1.

## II.   DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to

modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012)

3

(quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Soto is not eligible for a sentence reduction under Part A or Part B of Amendment 821. Under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Mr. Soto, however, received no "status points" for being under a criminal justice sentence. So he is not eligible under Part A.

Part B of Amendment 821 created a new guideline, USSG § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to USSG § 4C1.1, a defendant is eligible for a two-level reduction in his offense level if he or she meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*See* USSG § 4C1.1(a) (effective Nov. 1, 2023).

Mr. Soto appears to suggest in his Motion that he is a zero-point offender.[1] Motion at 1. Mr. Soto, however, plainly fails to meet the eligibility requirements under Part B of Amendment 821. Mr. Soto is not a zero-point offender, as he was assessed three criminal history points based on his prior criminal history. PSR at ¶ 38. Even assuming Mr. Soto had zero criminal history points, his possession of the firearm renders him ineligible under § 4C1.1(a)(7). *See id.* at ¶ 23.

Thus, because the reduction is not authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Soto's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).[2]

---

[1] Mr. Soto checks zero-point offender on page 1 of his Motion, but he also concedes at page 2 that he is unsure whether he was assessed any criminal history points under USSG § 4A1.1, and that none of the statements apply to his case in paragraph 9a. *See* Motion at 1–2.

[2] The Court nevertheless acknowledges Mr. Soto's programming in the Bureau of Prisons, and commends his efforts. *See* Motion at 4.

### III. CONCLUSION

Accordingly, Defendant Ruben Antonio Soto, Jr.'s *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. No. 60] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 13th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE